**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 13-CV-03081-VEB

KENNETH JOHNSON, I,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Kenneth Johnson I applied for Supplemental Security Income ("SSI") Benefits and Disability Insurance Benefits ("DIB") under the Social Security Act in December of 2008 and July of 2009, respectively. The Commissioner of Social Security denied the applications.

Plaintiff, represented by D. James Tree, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On April 2, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 20).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits on December 10, 2008, and DIB on July 24, 2009, alleging disability beginning March 26, 2008. (T at 12).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On October 26, 2011, a hearing was held before ALJ James W. Sherry. (T at 32).  Plaintiff appeared with his attorney and testified. (T at 39-56).  The ALJ also received testimony from Deborah Lapoint, a vocational expert (T at 56-64).

On November 16, 2011, ALJ Sherry issued a written decision denying the applications and finding that Plaintiff was not entitled to benefits under the Social

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

Security Act. (T at 9-28). The ALJ's decision became the Commissioner's final decision on June 12, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-5).

On August 12, 2013, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on November 17, 2013. (Docket No. 14).

Plaintiff filed a motion for summary judgment on February 10, 2014. (Docket No. 18). The Commissioner moved for summary judgment on March 24, 2014. (Docket No. 19). Plaintiff filed a reply memorandum of law on April 7, 2014. (Docket No. 21). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

### III. DISCUSSION

A.    **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.      Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

*v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 28, 2008, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2012. (T at 14). The ALJ determined that Plaintiff's sleep apnea, lumbar degenerative disc disease, hypertension, obesity, glaucoma/hypertensive retinopathy, and knee

pain/patellofemoral syndrome were impairments considered "severe" under the Act. (Tr. 14-15).

However, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the impairments set forth in the Listings. (T at 16). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), except that he could never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to extreme cold and heat as well as hazards such as moving machinery and unprotected heights. The ALJ found that Plaintiff should avoid even moderate exposure to irritants such as fumes, odors, dusts, chemicals, gases, and poorly ventilated areas. (T at 16-20).

The ALJ concluded that Plaintiff could perform his past relevant work as an apartment house manager, chauffeur, and security guard. (T at 21). Accordingly, the ALJ found that Plaintiff was not disabled, as defined under the Act, from March 26, 2008 through November 17, 2011 (the date of his decision) and was therefore not entitled to benefits. (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-5).

**D.      Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.   He offers four (4) main arguments in support of this position.   First, Plaintiff argues that the ALJ's analysis of his medical providers' opinions was flawed.   Second, Plaintiff challenges the ALJ's credibility assessment.   Third, Plaintiff contends that the ALJ's step four (past relevant work) analysis in not adequately supported.   This Court will address each argument in turn.

## IV. ANALYSIS

**A.      Medical Provider Opinions**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

In March of 2008, Dr. Amber Figueroa, a treating physician, completed a medical assessment, in which she reported that Plaintiff suffered from sleep apnea, low back pain, blurry vision, leg cramps, and hypertension. (T at 731). She indicated that Plaintiff could not lift more than 5 pounds due to back pain and was prone to day time sleepiness. (T at 731). Dr. Figueroa opined that Plaintiff "falls asleep with prolonged sitting" and "can't concentrate." (T at 731).

Dr. Figueroa completed a second assessment in October of 2008, wherein she reaffirmed her prior findings, opined that Plaintiff could not participate in basic work activities, and indicated that Plaintiff's disability was permanent. (T at 735-76).

In June of 2011, Dr. Amir Nasir, another treating physician, completed a medical assessment, in which he opined that Plaintiff was limited to sedentary work

(depending on his knee and back pain) and would likely miss 6 days of work per month due to his medical impairments. (T at 872).

The ALJ afforded little weight to the treating physicians' opinions. (T at 18-20). For the reasons outlined below, the ALJ's assessment was rendered consistent with applicable law and is supported by substantial evidence.

At the outset, it is important to note that ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Moreover, a "discrepancy" between treatment notes and a medical opinion is "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The contemporaneous treatment notes document consistent patient complaints of back and knee pain and treatment for various conditions. However, the clinical findings are largely inconsistent with the restrictive limitations set forth in the treating physicians' opinions.

A June 2008 treatment note indicated that Plaintiff's low back pain "bother[ed] him," but was "fairly well controlled" with pain medication. (T at 576). Dr. Figueroa encouraged Plaintiff "to take advantage of the summer and really get

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

busy on some physical activity . . . ." (T at 577).  Later the same month, Plaintiff was treated for a large number of mosquito bites sustained while fishing. (T at 578).  No back pain complaints were noted. (T at 578).   In August of 2008, Plaintiff complained of shoulder pain and heartburn. (T at 579).   Dr. Figueroa noted Plaintiff's history of noncompliance with treatment recommendations. (T at 580).  Plaintiff was seen in September of 2008 with complaints of leg pain. (T at 581).  He had good range of motion in both knees. (T at 581).

Plaintiff was seen in October of 2008 for a refill on blood pressure medication, with no mention of back or leg pain complaints. (T at 585-86).  In November of 2008, Plaintiff complained of occasional, severe right knee pain, and requested a cane "for the days that it is hurting." (T at 590).  Dr. Figueroa speculated that the knee pain was related to chronic obesity. (T at 590).  She noted "some decreased range of motion" with mild diffuse tenderness in the right knee, "but no ligamentous instability." (T at 590).

In December 2008, Dr. Figueroa documented Plaintiff's complaints of continued right knee pain. (T at 592).  She noted some tenderness upon examination of the lower extremities, but no ligament instability. (T at 592).   Dr. Figueroa recommended water exercises to help Plaintiff lose weight, but reported that he was "not too motivated to do that." (T at 593).  She prescribed a cane and fish oil. (T at

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

593).  Later that month, Plaintiff returned with increased back pain following a 6-hour shopping trip to Wal-Mart. (T at 594).  He denied any leg weakness. (T at 594). Dr. Figueroa gave Plaintiff a pain injection. (T at 594).

In February of 2009, Plaintiff saw Dr. Figueroa and complained of wrist pain. Dr. Figueroa observed that: "Compliance is always a question with this patient, in my mind." (T at 598).  A March 2009 CAT scan showed "multi-level degenerative changes of the lumbar spine without any significant canal or neural forminal stenosis." (T at 600).  Plaintiff told Dr. Figueroa that he only had pain in the morning and that sitting improved his pain. (T at 600).  Dr. Figueroa reminded Plaintiff of the importance of weight loss. (T at 601).

In May of 2009, Plaintiff told Dr. Figueroa that his knee pain "comes and goes," he used a cane "sometimes, although [he] has not needed recently." (T at 635).  On examination, he had no effusion of the knee with "a little bit of grinding in the left knee with range of motion." (T at 635).  Dr. Figueroa believed the knee pain was arthritis caused by obesity. (T at 635).

In June of 2009, Dr. Figueroa noted good range of motion bilaterally in Plaintiff's knees. (T at 641).  In December of 2009, Plaintiff advised that morphine treatments were going well and his back was feeling better.  Plaintiff had received an

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

injection in his knee and reported that he was "doing great," was "not having pain," and was "able to be more active." (T at 772).

In April of 2011, Dr. Alberto Jacir-Marcano, an examining physician, noted that Plaintiff had been non-compliant with recommended physical therapy and was not wearing a knee sleeve, as recommended. (T at 701). Dr. Jacir-Marcano found no evidence of knee effusion, no evidence of ligament instability or pain, and reported that an x-ray of the right knee showed minimal to no patellofemoral osteoarthritis. (T at 701). He recommended physical therapy and the use of the knee sleeve, along with strengthening exercises and weight loss. (T at 701-02).

In July of 2011, Dr. Nasir described Plaintiff has being in "good health and spirits" with "no pain on calf flexion." (T at 814). He prescribed a knee brace and ACE wraps for Plaintiff's pain. (T at 814). Dr. Nasir recommended that Plaintiff lose weight and walk. (T at 814).

The ALJ's decision was also supported by the assessment of Dr. Marie Ho, a consultative examiner. Dr. Ho found no evidence of any joint deformities, creptius, or effusion. (T at 553). She assessed full muscle strength in the upper and lower extremities bilaterally, with no evidence of atrophy. (T at 553). Dr. Ho concluded that Plaintiff could stand/walk 6 hours in an 8-hour day and sit for 6 hours in an 8-hour day. (T at 554). She found that an assistive device was not medically

necessary. (T at 554).  Dr. Ho opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently and crouch/kneel occasionally. (T at 554).

Dr. Alfred Scottolini, a non-examining State Agency medical consultant, reviewed Plaintiff's medical records and concluded that he could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, and stand/walk about 6 hours in an 8-hour workday. (T at 644).  He found that he could sit for 6 hours in an 8-hour workday. (T at 644).   Dr. Scottolini opined that Plaintiff could never climb ladders/ropes/scaffolds, but could occasionally balance, stoop, kneel, crouch, and crawl. (T at 645).  He concluded that Plaintiff should avoid any exposure to fumes, odors, dusts, gases, and poor ventilation; and concentrated exposure to extreme cold, extreme heat, and hazards (e.g. machinery, heights). (T at 647).

Plaintiff argues for a different interpretation of the evidence, stressing portions of the treatment notes documenting his complaints and the treating physicians' treatment.  However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.   If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision to discount the treating physicians' opinions was supported by substantial evidence and should be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

His height is approximately 5' 8" and he weighs 298 pounds. (T at 39).  He stopped working in 2008 due to back pain, knee pain, and vision problems. (T at 47). Sleep apnea causes difficulty sleeping, memory problems, and fatigue. (T at 48-49). His legs swell and he spends much of the day with his legs elevated. (T at 50). He can occasionally stand for 20 minutes without pain. (T at 50).  He did not know how long he could sit without his feet elevated. (T at 51). Walking is limited to about 6 minutes. (T at 51).  Pain and swelling occasionally require Plaintiff to sit at home for 4-5 hours either lying down or reclining. (T at 53-54).   He takes frequent naps during the day. (T at 55).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expect to cause some of the alleged symptoms, but that not all of his claims were credible. (T at 18).   Plaintiff's claims of disabling limitations are contradicted by the evidence outlined above, namely, the contemporaneous

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

treatment notes, clinical findings, Dr. Ho's consultative examiner–opinion, and Dr. Scottolini's review consultant assessment.

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## C.    Step Four Analysis

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work. Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In sum, the ALJ must determine whether the claimant's RFC

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

The ALJ concluded that Plaintiff could perform his past relevant work as an apartment house manager, chauffer, and security guard, as those jobs are generally performed in the national economy. (T at 21). The ALJ's finding at this stage of the sequential evaluation was based on testimony from Deborah Lapoint, a vocational expert. Ms. Lapoint testified that she had reviewed the *Dictionary of Occupational Titles* and had considered Plaintiff's Work History Report and testimony concerning his past relevant work. (T at 56-57). Plaintiff's Work History Report contained a detailed description of the demands involved in his past relevant work. (T at 264-75). Plaintiff also testified about his past relevant work. (T at 43-46). The ALJ asked the vocational expert to presume a hypothetical claimant with limitations consistent with Plaintiff's RFC, as determined by the ALJ (*i.e.* a claimant who could perform light work, as defined in 20 CFR § 416.967 (b), except that he could never climb ladders, ropes, or scaffolds; would need to avoid concentrated exposure to extreme cold and heat as well as hazards such as moving machinery and unprotected heights; and would need to avoid even moderate exposure to irritants such as fumes, odors, dusts, chemicals, gases, and poorly ventilated areas).

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

The vocational expert opined that a claimant with that RFC could perform the past relevant work of apartment house manager, security guard, and chauffer. (T at 59).  Plaintiff challenges the ALJ's reliance on the vocational expert's testimony, arguing that the hypothetical should have included additional limitations.  However, an ALJ is not obliged to accept as true all limitations alleged by the claimant and may decline to include limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. Here, for the reasons outlined above, the ALJ's RFC determination was supported by substantial evidence.  For the same reason, the ALJ's reliance on the vocational expert's opinion, which incorporated that RFC, was proper. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  This Court finds no reversible error with respect to the ALJ's reliance on the vocational expert's testimony at step four. *See* 20 C.F.R. § 404.1560 (b)("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.").

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No.  18**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 19**, is **GRANTED**.

The District Court Executive is directed to file this Decision and Order, provide copies to counsel, enter judgment in favor of the Commissioner and **CLOSE** this case.

DATED this 8th day of July, 2014.

/s/Victor E. Bianchini

VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – JOHNSON v COLVIN 13-CV-03081-VEB